**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Ashimiyu Alowonle, II (1),<br>Marques Armstrong, Jr (2),<br>Timothy Callender, III (3),<br>Glenn Carter, III (4),<br>Victor Collins (5),<br>Damari Douglas (6),<br>Deontae Jackson (7),<br>Shannon Jackson (8),<br>Robert Knights, Jr (9),<br>Albert Lucas, V (10),<br>Jahon Lynch (11),<br>Davant Moore (12),<br>Kaprice Richards (13), and<br>Cartrelle Smith (14),<br><br>    Defendants. | Case No. 24-cr-293 (PJS/DTS)<br><br>**AMENDED MOTIONS AND**<br>**CASE MANAGEMENT ORDER** |

During a September 12, 2025 status conference, Defendants requested a continuance of the motion filing date in light of the August 20, 2025 Superseding Indictment and forthcoming discovery. The Court previously designated this case as complex. Dkt. No. 133. The original Indictment alleged that the then-named eleven defendants participated in a Racketeering Conspiracy in support of which the Indictment identified 78 overt acts allegedly committed "[i]n furtherance of the conspiracy." Indictment, Dkt. No. 1. The amount of discovery related to the original Indictment; in particular native media files, was substantial—exceeding 1 terabyte of data. *See* Order at 2–8, Dkt. No. 296. Stated otherwise, the video alone comprised 2,000 hours. *Id.*

Processing this data for discovery has been complex. It took several months for the coordinating discovery attorney, Mr. Ellis, to process the media files and turn them over to Defendants in a compressed, usable format. *Id.* Since receiving the initial discovery, Defendants have encountered challenges reviewing it while detained at the Sherburne County Jail, which has limited staff and equipment for such review, particularly of material protected under this Court's Protective Order. Counsel have repeatedly stressed their clients' need to review discovery due to their active and significant involvement in their defense.

The 41-page Superseding Indictment has made the case even more complex as it adds five counts, fifteen overt acts, and three additional defendants. Dkt. No. 313. Pursuant to this Court's order on August 13, 2025, the Government sent to Mr. Ellis discovery in its possession related to the Superseding Indictment. Mr. Ellis is currently working diligently to process the discovery and anticipates producing it in the coming weeks. All fourteen defendants will need time to review this new discovery and prepare their motions. The three new defendants charged in the recent Superseding Indictment—Defendants Marques Armstrong, Jr., Jahon Lynch, and Davant Moore—will need additional time sufficient to review all discovery.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), this Court finds that the ends of justice served by granting the continuance of the motion deadline outweigh the best interests of the public and Defendants in a speedy trial and that such continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation. Based on all the files, records, and proceedings, the Court orders that the following schedule will govern the pre-trial proceedings in this matter.

**CASE MANAGEMENT AND MOTIONS**

In the interests of judicial economy and speedy trial considerations the Court addresses certain matters without the need to have the parties file motions on these subjects. The defendant or the government may object to these requirements by filing a Motion to Modify this Order.

**Non-Dispositive Motions**

    A.    Discovery

On or before **September 25, 2025**, the Government must make all Federal Rule of Criminal Procedure 16(a) disclosures necessitated by the Superseding Indictment. Based on the Government's representations at the September 2025 status conference, the Court understands these disclosures have been completed.

Defendants must make all disclosures required by Fed. R. Crim. P. 16(b) by **October 2, 2025**.

Defendants shall provide notice of the Rule 12.1, 12.2 and 12.3 defenses on which they intend to rely **on or before October 9, 2025**.

    B.    Expert Witnesses

Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C), the Court adopts the following schedule for expert witness disclosures. Because it bears the primary burden of proof, the Government shall disclose the written summaries of evidence it intends to offer under Federal Rule of Evidence 702, *et. seq.*, **no later than 28 days before any trial in this matter.** The defendants shall make their expert disclosures **no later than 14 days before any trial in this matter.**

C.  Exculpatory Evidence

Pursuant to the Due Process Protections Act and Rule 5(f) of the Rules of Criminal Procedure, the Court confirms the Government's obligation to disclose to the defendants all exculpatory evidence—that is, evidence that favors the defendant or casts doubt on the government's case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and all its progeny. Accordingly, within 10 days of the date of this Order the United States shall disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Failure to do so may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

D.  Notice Required Under Federal Rule of Evidence 404(b)

Under Federal rule of Evidence 404(b), "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character," Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose . . . ." Fed. R. Evid. 404(b)(2). The government is required to provide reasonable pretrial notice of such evidence. Fed. R. Evid. 404(b)(2). Accordingly, the government shall disclose any Rule 404(b) evidence that it will seek to introduce **no later than 28 days before any trial in this matter.** If the government believes that evidence at issue might be "intrinsic" to the charged offenses but recognizes that it may present a close call as to whether it is covered by Rule 404(b), the Government should include such information in the notice required by this Order so that its admissibility can be addressed ahead of trial, if needed.

4

E.    Jencks Act

The Jencks Act provides for full disclosure of a witness's previous statements following their testimony on direct examination, although it specifies that such documents need not be turned over at an earlier time. 18 U.S.C. §§ 3500(a) and (b). Pursuant to the parties' agreement, the Government is ordered to disclose Jencks Act material 30 days before trial pursuant. Dkt. No. 241.

F.    Rough Notes

The government is required to instruct any law enforcement agents and any confidential informants to retain and preserve all rough notes taken as part of their investigation. Disclosure of rough notes, however, is not required by this Order.

G.    I.D. Witnesses/Informants

Consistent with *Roviaro v. United States*, 353 U.S. 53 (1957), *United States v. Padilla*, 689 F.2d 372 (8th Cir. 1989) and their progeny, the government shall disclose the identity of any informant who was a material witness to the charged conduct and make any such informant available **no later than 10 days before any trial in this matter**.

H.    Grand Jury Transcripts

Any Grand Jury transcript that are Jencks Act material as to any particular prosecution trial witness will be furnished per the requirements under paragraph E. of this Order.

**Dispositive Motions**

    I.    Motions to Suppress Statements

If defendant files a Motion to Suppress Statement, the accompanying memorandum must detail the specific facts and circumstances supporting suppression. Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based . . . ."); *United States v. Quiroz*, 57 F. Supp. 2d 805, 822–23 (D. Minn. 1999), *aff'd sub nom. United States v. Vasquez*, 213 F.3d 425 (8th Cir. 2000) (denying "boilerplate" motion to suppress for failure to state "specific legal and factual grounds," among other things). Conclusory statements made upon "evidence to be adduced at the Motions Hearing" are not sufficient to provide the Court and opposing counsel notice of the issues.

    K.    Motions to Suppress Evidence

        (a) Warrant

Reviewing courts must afford "great deference" to the probable cause determination of the judge who issued the warrant and should resolve even "doubtful or marginal cases" in favor of a warrant's validity. *United States v. Butler*, 594 F.3d 955, 962 (8th Cir. 2010) (citation omitted); *see United States v. Ventresca*, 380 U.S. 102, 109 (1965). So long as the issuing judge had a "substantial basis" for concluding the "search would uncover evidence of wrongdoing," this Court must uphold the probable cause determination. *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999).

Any motion to suppress evidence obtained pursuant to a warrant must identify with specificity the reason(s) the warrant should not have issued and identify the legal authority on which the suppression is sought.

(b) Warrantless

Any motion to suppress must specifically identify the item(s) of evidence whose suppression is sought, describe the facts that support the claim that such evidence was unlawfully obtained, and identify the legal authority on which the suppression is sought.

## MOTIONS DEADLINES

At Defendants' request, the Court will adopt staggered deadlines for pretrial motions. Defendants are grouped as follows (solely for purposes of pretrial motions deadlines):

| Group 1 | Group 2 | Group 3 |
|---|---|---|
| Ashimiyu Alowonle, II (1) | Damari Douglas (6) | Marques Armstrong, Jr (2) |
| Timothy Callender, III (3) | Deontae Jackson (7) | Albert Lucas, V (10) |
| Glenn Carter, III (4) | Shannon Jackson (8) | Jahon Lynch (11) |
| Victor Collins (5) | Robert Knights, Jr (9) | Davant Moore (12) |
| Kaprice Richards (13) | Cartrelle Smith (14) | |

1. All motions in Group 1 must be filed and served consistent with Fed. R. Crim. P. 12(b) and 47 on or before **October 15, 2025**.[1] Counsel is ordered to read and follow the above **CASE MANAGEMENT AND MOTIONS** section.

2. Counsel must electronically file a letter on or before **October 15, 2025**, if no motions will be filed and there is no need for a motions hearing.

3. All responses to motions in Group 1 must be filed by **October 29, 2025**.

4. Any Notice of Intent to Call Witnesses must be filed by **October 29, 2025**.

5. Any Responsive Notice of Intent to Call Witnesses must be filed by **October 31, 2025**.

---

[1] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).

6. A motions hearing for Group 1 will be held pursuant to Fed. R. Crim. P. 12(c) where:

   a. The Government makes timely disclosures and defendant identifies in the motions particularized matters for which an evidentiary hearing Is necessary; or

   b. Oral argument is requested by either party in its motion, objection, or responsive pleadings.

7. If required, the Group 1 motions hearing will be heard before Magistrate Judge David T. Schultz on **November 7, 2025** at **2:00 p.m.** in **Courtroom 9W**, 300 South Fourth Street, Minneapolis. The Court will hold a status conference as to all Defendants immediately following the Group 1 motions hearing.

8. All motions in Group 2 must be filed and served consistent with Fed. R. Crim. P. 12(b) and 47 on or before **November 14, 2025**.[2] Counsel is ordered to read and follow the above **CASE MANAGEMENT AND MOTIONS** section.

9. Counsel must electronically file a letter on or before **November 14, 2025**, if no motions will be filed and there is no need for a motions hearing.

10. All responses to motions in Group 2 must be filed by **November 28, 2025**.

11. Any Notice of Intent to Call Witnesses must be filed by **November 28, 2025**.

12. Any Responsive Notice of Intent to Call Witnesses must be filed by **December 2, 2025**.

13. A motions hearing for Group 2 will be held pursuant to Fed. R. Crim. P. 12(c) where:

---

[2] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).

  c. The Government makes timely disclosures and defendant identifies in the motions particularized matters for which an evidentiary hearing Is necessary; or

  d. Oral argument is requested by either party in its motion, objection, or responsive pleadings.

14. If required, the Group 2 motions hearing will be heard before Magistrate Judge David T. Schultz on **December 5, 2025** at **10:00 a.m.** in **Courtroom 9W**, 300 South Fourth Street, Minneapolis. The Court will hold a status conference as to all Defendants immediately following the Group 2 motions hearing.

15. All motions in Group 3 must be filed and served consistent with Fed. R. Crim. P. 12(b) and 47 on or before **December 15, 2025**.[3] Counsel is ordered to read and follow the above **CASE MANAGEMENT AND MOTIONS** section.

16. Counsel must electronically file a letter on or before **December 15, 2025**, if no motions will be filed and there is no need for a motions hearing.

17. All responses to motions in Group 3 must be filed by **December 29, 2025.** D. Minn.

18. Any Notice of Intent to Call Witnesses must be filed by **December 29, 2025**.

19. Any Responsive Notice of Intent to Call Witnesses must be filed by **December 31, 2025**. D. Minn. LR 12.1(c)(3)(B).

20. A motions hearing for Group 3 will be held pursuant to Fed. R. Crim. P. 12(c) where:

  e. The Government makes timely disclosures and defendant identifies in the motions particularized matters for which an evidentiary hearing Is necessary; or

---

[3] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).

9

    f. Oral argument is requested by either party in its motion, objection, or responsive pleadings.

If required, the Group 3 motions hearing will be heard before Magistrate Judge David T. Schultz on **January 5, 2026** at **10:00 a.m.** in **Courtroom 9W**, 300 South Fourth Street, Minneapolis. The Court will hold a status conference as to all Defendants immediately following the Group 3 motions hearing.

24. The period of time from **September 17, 2025** through at least **December 15, 2025**, shall be excluded from Speedy Trial Act computations for all Defendants.

**TRIAL**

The parties should address trial matters such as voir dire and the sequestration of witnesses with Chief Judge Patrick J. Schiltz.

The trial date, and other related dates will be scheduled following the ruling on all pretrial motions. Of necessity this case will be tried in groups of not more than four (4) defendants each. In order to facilitate such groupings the parties are ordered to submit in writing to Chief Judge Patrick J. Schiltz no later than December 15, 2025 their proposals for trial groupings. The groups established above in this Amended Case Management Order are for purposes of motion practice only.

Dated: September 19, 2025       __s/ David T. Schultz_____
                           DAVID T. SCHULTZ
                           U.S. Magistrate Judge